Michael **HALLMARK**, on behalf of himself and all others similarly situated, Plaintiff,

v.

**COHEN & SLAMOWITZ, LLP,** and **Midland Funding LLC,** doing business as **Midland Funding of Delaware LLC,** Defendants.

No. 11–CV–00842S(F).

United States District Court, W.D. New York.

Signed May 13, 2014.

---

Brian L. Bromberg, and Jonathan R. Miller, of Counsel, Bromberg Law Office, P.C., New York, NY, Seth Andrews, of Counsel, Law Offices of Kenneth Hiller, PPLC, Amherst, NY, for Plaintiff.

Andrew C. Sayles, of Counsel, Connell Foley LLP, Roseland, NJ, for Defendant Cohen & Slamowitz, LLP.

Thomas A. Leghorn, of Counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY, for Defendant Midland Funding, LLC.

## DECISION and ORDER

LESLIE G. FOSCHIO, United States Magistrate Judge.

### *JURISDICTION*

This action was referred to the undersigned by Honorable William M. Skretny on November 10, 2011, for consideration of non-dispositive motions. The matter is presently before the undersigned on Plaintiff's motion (Doc. No. 139), seeking leave to file a third amended complaint.

### *BACKGROUND and FACTS*[1]

In this class action, filed October 6, 2011, Plaintiffs claim Defendant Cohen & Slamowitz, LLC ("C & S"), by including a $140 court filing fee ("the fee") in a collection letter ("the collection letter") C & S sent to Plaintiffs prior to the actual payment of such fee, violated § 1692e (prohibiting the use of false, deceptive and misleading statements in collection of a debt), and § 1692e(2)(A) (prohibiting false representation of the amount of any debt), of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e *et seq.* Plaintiffs also allege Defendant Midland Funding, LLC ("Midland"), by hiring C & S as its debt collector, is vicariously liable for the unlawful actions of C & S, which maintains the contracts by which Plaintiff incurred the debts C & S seeks to collect authorized C & S to collect the fees. Amended complaints have been filed twice including on July 2, 2012 (Doc. No. 28) ("First Amended Complaint"), and September 18, 2013 (Doc. No. 112) ("Second Amend-

---

1. The Facts are taken from the pleadings and motion papers filed in this action.

ed Complaint"). In a Decision and Order filed September 16, 2013 (Doc. No. 110) ("D & O"), Chief District Judge William M. Skretny certified the class of plaintiffs.

On October 18, 2013, Plaintiffs filed a motion for permission to file a third amended complaint (Doc. No. 139) ("Plaintiff's motion"), supported by the attached Declaration of Brian L. Bromberg, Esq. (Doc. No. 139-1) ("Bromberg Declaration"), attaching as Exhibit 1 the proposed third amended complaint (Doc. No. 139-2) ("Proposed Third Amended Complaint"), with exhibits A through I (Docs. Nos. 139-3 through 139-11), and as Exhibit 2 a red-lined copy of the Proposed Third Amended Complaint showing the proposed changes from the Second Amended Complaint (Doc. No. 139-12). On November 18, 2013, Defendant Midland filed the Memorandum of Law In Opposition to Plaintiff's Third Motion to Amend Complaint (Doc. No. 164) ("Midland's Response"). On November 26, 2013, Plaintiff filed the Reply Memorandum in Further Support of Plaintiff's Third Motion to Amend Complaint (Doc. No. 172) ("Plaintiffs' Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiffs' motion is DENIED.

### DISCUSSION

Plaintiffs seek to file a third amended complaint setting additional factual allegations regarding Defendant Midland's control of Defendant C & S with regard to the collection letter C & S mailed to debtors in attempting to collect on debts owed to Midland. Plaintiffs maintain the additional factual allegations are necessary to establish whether Midland's control over C & S with regard to the collection letters was sufficient to establish Midland is vicariously liable for C & S's actions, Bromberg Declaration ¶¶ 8–10, an issue Midland has repeatedly disputed. *Id.* ¶ 7. Plaintiffs maintain the proposed amendments are not even necessary to hold Midland vicariously liable, but are sought by Midland "to put an end to Midland Funding's incessant—and misplaced—attacks on the pleadings...." *Id.* ¶ 12. The Propose Third Amended Complaint also seeks to define a new subclass of plaintiffs. Proposed Third Amended Complaint ¶ 76. The Proposed Third Amended Complaint, however, neither alleges any new claims for relief, nor joins any new parties as defendants.

Defendant Midland opposes the filing of the Proposed Third Amended Complaint on the basis that it is futile because it fails to cure the Second Amended Complaint's deficiencies of failing to allege Midland had sufficient control over C & S's sending of the collection letter to subject Midland to vicarious liability for FDCPA violations, Midland's Response at 2–4, seeks to plead new facts that were or should have been known to Plaintiffs, *id.* at 5–6, is intended to circumvent pending motions, *id.* at 6–7, and would unduly prejudice Midland insofar as the Proposed Third Amended Complaint seeks to split the class certified by Chief Judge Skretny into two subclasses, the definition of one which is inconsistent with the certified class. *Id.* at 7–8. In further support of their motion, Plaintiff argue Midland does not, and cannot, assert it would be prejudiced by Plaintiffs' detailed allegations of control over C & S, Plaintiff's Reply at 3–5, the Proposed Third Amended Complaint states sufficient facts to survive a motion to dismiss, *id.* at 5–6, Midland's argument in opposition to the instant motion relies on an incorrect definition of "control," *id.* at 6–8, as well as on the wrong standard for vicarious liability, *id.* at 8–9, and Plaintiff has not delayed in seeking to further amend the complaint to allege control. *Id.* at 9–10.

Fed.R.Civ.P. 15 provides that leave to amend a pleading "shall be freely granted when justice so requires." An amended complaint may be filed pursuant to Fed.R.Civ.P. 15(a) where the new allegations do not unduly prejudice an opponent, are not the result of undue delay or bad faith, and are not futile. *Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted. *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993). Nevertheless, "[l]eave to amend may be properly denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted." *Anderson News, L.L.C. v.*

*American Media, Inc.,* 680 F.3d 162, 185 (2d Cir.2012) (citing cases). *See Jones v. New York Div. of Military & Naval Affairs,* 166 F.3d 45, 55 (2d Cir.1999) (an amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground."). Leave to amend also need not be granted where the allegations the plaintiff seeks to add are unnecessary to support the asserted claims. *See Rahman v. Fischer,* 2012 WL 4492010, at *13 n. 18 (N.D.N.Y. Sept. 28, 2012) (noting the plaintiff's attempt to replead claim asserting new factual allegations was unnecessary because the substantive allegations were already clearly set forth elsewhere in the complaint). Further, "[t]he adequacy of a proposed amended complaint to state a claim is to be judged by the same standards as those governing the adequacy of a filed pleading." *Anderson News, L.L.C.,* 680 F.3d at 185.

■ Specifically, on a motion under Rule 12(b)(6) to dismiss for failing to state a claim, the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Goldstein v. Pataki,* 516 F.3d 50, 56 (2d Cir.2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor). Two recent Supreme Court cases require application of "a 'plausibility standard,' which is guided by '[t]wo working principles.'" *Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Simply put, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. Here, Plaintiffs' motion should be denied because the third amended complaint Plaintiffs seek leave to file is unnecessary.

Specifically, Plaintiff seeks to assert additional factual allegations to establish that the control Midland exercised over C & S was sufficient to hold Midland vicariously liable for C & S's conduct in sending out the collection letters under the theory of vicarious liability urged by Midland. Plaintiffs and Midland dispute the correct standard for deciding whether Midland can be held vicariously liable for conduct by C & S, specifically sending the collection letters to debtors advising the debtors were financially responsible for the fees which C & S had not yet paid, with Midland arguing Plaintiffs must demonstrate Midland's control over C & S was tantamount to directing C & S to issue the collection letters, Midland's Response at 2–6, whereas Plaintiffs maintain Midland can be held vicariously liable for the conduct of C & S under general agency principles that when issuing the collection letters C & S was acting within the scope of its authority as an agent of Midland. Plaintiffs' Reply at 1–3. Significantly, the cases cited by Plaintiffs and Midland demonstrate a split of authority as to the applicable standard for establishing vicarious liability under the FDCPA. In particular, in support of the proposition that vicarious liability under the FDCPA is determined by traditional agency principles, Plaintiffs rely on *Newman v. CheckRite California, Inc.,* 912 F.Supp. 1354, 1370 (E.D.Cal. 1995) ("it is established that, under the FDCPA, a debt collector may be found vicariously liable for the conduct of its attorney," that "an attorney may act as an independent contractor does not require a different result," and "an attorney is an agent, even if employed for a single transaction and as an independent contractor"), whereas in support of its contention that no vicarious liability under the FDCPA lies absent evidence of actual control Midland cites *Bodur v. Palisades Collection, LLC,* 829 F.Supp.2d 246, 259 (S.D.N.Y.2011) ("To be vicariously liable under the FDCPA, however, 'the 'principal' must exercise control over the conduct or activities of the 'agent.''" (quoting *Clark v. Capital Credit and Collection Serv., Inc.,* 460 F.3d 1162, 1173 (9th Cir.2006))).

■ The different standards urged by the parties, however, merely state alternate theories of liability, actual control and agency principles, for the same claim for relief, *i.e.,* vicarious liability. *See Marbury Manage-*

*ment, Inc. v. Kohn,* 629 F.2d 705, 712, n. 4 (2d Cir.1980) ("Generally a complaint that gives full notice of the circumstances giving rise to the plaintiff's claim for relief need not also correctly plead the legal theory or theories and statutory basis supporting the claim."). *See also Yaccarino v. Motor Coach Industries, Inc.,* 2006 WL 3257220, at *1, n. 2 (E.D.N.Y. Nov. 9, 2006) (noting plaintiff had alleged two different theories of liability, including failure to warn and strict liability, both of which supported same negligence claim for relief, and considering both theories in deciding motion for summary judgment of negligence claim). Further, given the divergent opinions as to the correct standard for determining vicarious liability under the FDCPA, the court is unwilling, at the pleading stage, to determine the correct theory of liability for Plaintiff's FDCPA vicarious liability claim. As such, permitting Plaintiffs to file a third amended complaint is futile because the proposed new allegations Plaintiffs seek to assert are not necessary to state a claim for relief.

Furthermore, insofar as Plaintiff seeks to plead an additional class for certification, although when certifying the class, Judge Skretny granted Plaintiffs leave under Fed. R.Civ.P. 23(c)(5) ("Rule 23"), to seek to divide the class into subclasses, D & O at 11 n. 6, such request is not properly the subject of the instant motion seeking leave to file a further amended complaint as it presents an issue governed by Rule 23. Accordingly, Plaintiff's motion is DENIED as to Plaintiffs' attempt to divide the certified class into subclasses.

### CONCLUSION

Based on the foregoing, Plaintiff's Motion seeking to file a third amended complaint (Doc. No. 139), is DENIED.

SO ORDERED.

